GAVRILOV & BROOKS
J. EDWARD BROOKS (SBN 247767)
ELIEZER M. COHEN (SBN 302248)
2315 Capitol Avenue
Sacramento, CA 95816
Telephone: (916) 504-0529
Facsimile: (916) 473-5870
Email: ebrooks@gavrilovlaw.com
Email: ecohen@gavrilovlaw.com

Attorneys for Plaintiff
KENT ORR


JACKSON LEWIS P.C.
JAMES T. JONES (SBN 167967)
PHOEBE M. VU (SBN 291508)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: jonesj@jacksonlewis.com
       phoebe.vu@jacksonlewis.com

Attorneys for Defendant
COVERALL NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT ORR,<br><br>    Plaintiff,<br><br>    v.<br><br>COVERALL NORTH AMERICA, INC., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>    Defendants. | No. 2:16-cv-02891-WBS-DB<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER**<br><br><br><br>Complaint Filed: 10.06.16<br>Trial Date: None Set |

///

///

///

WHEREAS:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 7, below, that this Joint Stipulation and Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

IT IS HEREBY STIPULATED AND AGREED by all parties to the above-captioned action (the "Action"), through their undersigned counsel, and subject to the approval of the Court, that the following provisions shall govern documents and information produced in this Action:

1. <u>Designated Material</u>. During discovery herein, any information or material within the scope of Federal Rules of Civil Procedure 26(c), including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory answers, responses to request to admit and other written, recorded or graphic materials, may be designated as "CONFIDENTIAL" by the person or entity producing, providing, filing or lodging it or by any party to this action (the "Designating Person"). All "CONFIDENTIAL" information and material, and all information or material derived from it, constitutes "Designated Material" under this Stipulation and Order.

2. <u>Access to Designated Material</u>. The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document. Designated Material shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action, including the preparation, trial

2
Joint Stipulation and Protective Order

and any appeal of the Action, and may be disclosed only to the following persons:

    (a)    the named parties to this Action and their officers, directors and/or employees (former or current);

    (b)    the parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and offices' staffs;

    (c)    independent experts or consultants and their staffs specifically retained to assist counsel in this litigation, provided that any such experts or consultants shall, prior to any disclosure, execute an undertaking to be bound by this Stipulation and Order (in the form attached hereto as Appendix A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the earlier of the first designation of those particular expert witnesses or the conclusion of the Action;

    (d)    third parties specifically retained by counsel for parties to this Action (or their legal associates and their offices' staffs) for mailing, copying or computer coding of documents, but only for such mailing, copying or computer coding purposes;

    (e)    the Court, court reporters, jury and court officers, pursuant to paragraph 7 of this Stipulation and Order; and

    (f)    any witness shown the document in a deposition in this litigation.

3.    <u>Copies of Designated Material</u>.  Copies and extracts of Designated Material may be made by or for only those persons authorized by paragraph 2 to review such materials, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL."  All copies and extracts of Designated Material are subject to the provisions of this Stipulation and Order as though they were original Designated Material.

4.    <u>Custody of Designated Material</u>.  All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of the parties' outside and/or in-house counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.

5. <u>Designating Documents</u>.  The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the document prior to production or, in the case of a document produced by a non-party that is not the Designating Person with respect to such document, such designation by the party shall be made (a) within twenty calendar days from the date that the Designating Person (party) receives notice that the document has been produced; and (b) by notice, whether by captioned notice or by letter, to all other parties, identifying with particularity the Designated Material.  Until the twenty calendar day time period elapses, all materials produced by someone other than a party shall be treated as "CONFIDENTIAL."

6. <u>Designating Depositions</u>.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" either:  (i) at the deposition itself, by request of any party, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten court days following notice from the reporter that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as "CONFIDENTIAL."  Pending expiration of the ten court days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Stipulation and Order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided (i) that the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material, and (ii) that either the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Stipulation and Order, or the deposition witness is an officer, director, member, partner or employee of the Designating Person with respect to such Designated Material.

7. <u>Procedures for Filing Records under Seal</u>.

    (a) Any party may seek to lodge and/or file Designated Material under seal with the Court by noticed motion pursuant to Local Rule 141, and the other party expressly agrees not to oppose any such motion.

    (b) The parties expressly agree that lodging and/or filing of Designated Material with the Court not under seal shall not be deemed nor constitute a waiver of confidentiality under the terms of this Stipulation and Order.

8. <u>Objections</u>. A party may challenge the propriety of any designation under this Stipulation and Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item. The challenged material shall be deemed redesignated as proposed unless, within thirty calendar days after service, the Designating Person has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality protections.

9. <u>No Prejudice</u>.

    (a) Nothing in this Stipulation and Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.

    (b) This Stipulation and Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

    (c) The parties shall exert their best efforts to assert any claims of confidentiality prior to the disclosure of any discovery materials. The production of any document by any party shall be without prejudice to any claim by the producing party that such material should have been designated as "CONFIDENTIAL." Claims of confidentiality may be

asserted in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure. If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the producing party asserts a claim that such documents are "CONFIDENTIAL," the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party for designation as such and prompt return to the receiving party. The parties may thereafter contest such claims of confidentiality, as set forth herein.

10. <u>Discovery Obtained By Other Means</u>. This Stipulation is not applicable to Designated Material if copies of such documents already have been obtained by the receiving party in a manner not subject to this Stipulation.

11. <u>Final Disposition</u>. Upon final termination of the Action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall, within 30 days of such final termination, be returned to counsel for the person that produced the material or destroyed. However, counsel may retain pleadings, attorney and consultant work product, and depositions, for archival purposes.

12. <u>Subpoenas Seeking Designated Material</u>. If any person that has obtained Designated Material under the terms of this Stipulation and Order receives a subpoena commanding the production of any such Designated Material, such person shall promptly notify the Designating Person of the service of the subpoena in order to afford the Designating Person an opportunity to object. The person receiving the subpoena shall not produce any Designated Material in response to the subpoena without either the prior written consent of the Designating Person, or a prior order of the Court in which the subpoena was served.

13. <u>Improper Disclosure</u>.

(a) The parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation and Order. If Designated Material submitted in accordance with the terms of this Stipulation and Order is disclosed to any person other than in the manner authorized by the terms herein, the party and

6
Joint Stipulation and Protective Order

person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

    (b) The parties agree that the unauthorized disclosure of Designated Material shall cause irreparable injury to the non-breaching party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief, by way of *ex parte* hearing or otherwise as allowed by law or equity. The decision by the non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach, and neither the seeking by the non-breaching party of any such relief nor the obtaining by the non-breaching party of any other such relief will be a waiver or release of any of the non-breaching party's other rights or remedies in such event.

14. <u>Survival</u>. The binding effect of this Stipulation and Order shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation and Order.

15. <u>Immediate Obligation</u>. The parties' duties described in this Stipulation and Order to maintain the confidentiality of Designated Material and only use such material and information for purposes of this litigation shall commence upon execution of this document by their counsel regardless of when or if the terms herein become an order of the Court.

| | | |
|---|---|---|
| Dated: February 23, 2018 | | GAVRILOV & BROOKS |
| | | By: /s/ *Eliezer M. Cohen* |
| | | J. EDWARD BROOKS |
| | | ELIEZER M. COHEN |
| | | |
| | | Attorneys for Plaintiff |
| | | KENT ORR |
| | | |
| Dated: February 23, 2018 | | JACKSON LEWIS P.C. |
| | | |
| | | By: /s/ *Phoebe M. Vu* |
| | | JAMES T. JONES |
| | | PHOEBE M. VU |
| | | |
| | | Attorneys for Defendant |
| | | COVERALL NORTH AMERICA, INC. |

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially

related" to the merits of a case, the request to seal may be granted on a showing of "good cause." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: March 5, 2018

*/s/ Deborah Barnes*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\orr2891.stip.prot.ord

APPENDIX A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT ORR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COVERALL NORTH AMERICA, INC., a Delaware corporation; and Does 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:16-CV-02891-WBS-DB<br><br>**CONFIDENTIAL UNDERTAKING** |

1. My name is _____. My home address is _____. I am employed as a _____ (state position) by _____ (state name and address of employer).

2. I have read the Stipulation and Protective Order (the "Order") that has been entered in this Action, and a copy of which has been given to me. I understand the provisions of this Order, and I agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Order.

3. I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 201__, at _____, _____.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　(Signature)

1

*Kent Orr v. Coverall North America, Inc., et al.*
Case No. 2:16-CV-02891-WBS-DB